⬥AO 245B (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

| Western | District of | Pennsylvania |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| HELEN ARMSTEAD | Case Number: 07-00061-001 |
| | Michael J. Novara |
| | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)   Count 5 of the indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud | June 1, 2004 | 5 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) 1,2,3 and 4    ☐ is    X are dismissed on the motion of the United States.

☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

X It is Ordered that the defendant shall pay to the United States a special assessment of    $100    which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

26 630 877 PA Driver License                            November 8, 2007

Defendant's USM No.                                     Date of Imposition of Judgment

                                                        *[signature]*
                                                        Signature of Judicial Officer

                                                        Donetta W. Ambrose, Chief United States District Judge
                                                        Name and Title of Judicial Officer

                                                        11/13/07
                                                        Date

DEFENDANT: HELEN ARMSTEAD
CASE NUMBER: 07-00061-001

## PROBATION

The defendant is hereby sentenced to probation for a term of :
**5 years.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

x  The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

SEE BELOW

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to periodic drug tests, as directed by the probation officer.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines if credit without the approval of the probation officer.

The defendant shall continue to pay the remaining restitution ( $31,727.84) through payments deducted from her social security check and determined by the Social Security Administration and shall continue while she is receiving the Social security checks.

The defendant shall be placed on home detention for a period of 6 months, to commence at the direction of the probation officer, but no later than seven days from today's date. During this time, the defendant shall remain at her place of residence except for employment, schooling, and other activities approved in advance by the probation officer.

Due to her health concerns, home detention shall not be electronically monitored via use of an ankle bracelet. Instead, the defendant shall participate in a voice recognition program at the direction of the probation officer.

DEFENDANT: HELEN ARMSTEAD
CASE NUMBER: 07-00061-001

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

DEFENDANT:     HELEN ARMSTEAD
CASE NUMBER:   07-00061-001

# RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

X  The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| Social Security Administration<br>Debt Management Section<br>Attention-Court Refund<br>P.O. Box 2861<br>Philadelphia, PA 19122 | $31,727.84 |

Payments of restitution are to be made to:

☐  the United States Attorney for transfer to the payee(s).
☐  Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐  in full immediately.
☐  in full no later than
☐  in equal monthly installments over a period of             months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
X  in installments according to the following schedule of payments:

The defendant shall continue to pay the remaining restitution ( $31,727.84) through payments deducted form her social security check and determined by the Social Security Administration and shall continue while she is receiving the Social security checks.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X  The Court has determined that the defendant does not have the ability to pay interest. It is Ordered that:

  x  the interest is waived.
  ☐  the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

# FORFEITURE

☐  The defendant is ordered to forfeit the following property to the United States: